**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000887
29-MAY-2015
08:19 AM**

NO. CAAP-12-0000887

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
AMANDA SHERMAN, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-12-02186)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Amanda Sherman (Sherman) appeals from a Judgment entered on September 24, 2012, in the District Court of the First Circuit, Honolulu Division[1] (district court). Sherman was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII) in violation of Hawaii Revised Statutes (HRS) §§ 291E-61(a)(1) and (a)(3) (Supp. 2014).[2]

---

[1] The Honorable David Lo presided.

[2] HRS § 291E-61(a) provides in pertinent part

§291E-61 **Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; [or]

. . . .

(3) With .08 or more grams of alcohol per two hundred ten liters of breath[.]

On appeal, Sherman asserts that the district court erred by (1) permitting Plaintiff-Appellee State of Hawai'i (State) to amend the complaint; (2) denying Sherman's motion to dismiss the amended complaint; (3) denying Sherman's motion to suppress; and (4) admitting into evidence the results of the breath test. Sherman also contends that the State committed misconduct by referencing facts not in evidence during trial.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Sherman's points of error as follows and affirm.

**1. Leave to Amend the Complaint.** The district court did not err in permitting the State to amend the complaint to comply with State v. Nesmith, 127 Hawai'i 48, 276 P.3d 617 (2012) for purposes of the HRS § 291E-61(a)(1) charge.[3] State v. Kam, 134 Hawai'i 280, 286, 339 P.3d 1081, 1087 (App. 2014), *cert. granted*, No. SCWC-12-0000897, 2015 WL 1526201 (Apr. 2, 2015). As in Kam, Sherman does not argue that her substantial rights were violated by the amended charge and thus her argument is without merit.

Moreover, Sherman was also convicted of the HRS § 291E-61(a)(3) charge, which, pursuant to Nesmith, is a strict liability offense that does not require the allegation of a *mens rea* and can serve as a separate basis for a conviction under HRS § 291E-61. Nesmith, 127 Hawai'i at 61, 276 P.3d at 630.

**2. Sufficiency of the Amended Complaint.** Sherman contends that the State was required to include the statutory definition of the term "alcohol" provided in HRS § 291E-1 (2007). This contention was rejected in State v. Turping, No. CAAP-13-0002957, 2015 WL 792715, __ Hawai'i __, __ P.3d __ (App. Feb. 25, 2015, revised Mar. 19, 2015), *cert. rejected*, No. SCWC-13-0002957 (May 20, 2015).

---

[3] Sherman contends that the State failed to file a written amended complaint. Review of the docket from the district court reveals that one was filed on April 30, 2012.

Sherman also contends that the State impermissibly pled the OVUII charge in the disjunctive. Sherman highlights six "or"s contained in the amended complaint.[4] However, the instances of disjunctive charging challenged by Sherman involved states of mind, synonymous phrases, reasonably related acts under a single subsection of a statute, statutorily defined terms, or were not used to join alternative methods of committing the offense. Thus, the State's OVUII charge was permissibly pled in the disjunctive. State v. Codiamat, 131 Hawai'i 220, 227, 317 P.3d 664, 671 (2013); State v. Vaimili, 134 Hawai'i 264, 272-73, 339 P.3d 1065, 1073-74 (App. 2014), cert. granted, No. SCWC-12-0000115, 2015 WL 745351 (Feb. 20, 2015).

**3. Motion to Suppress.** The district court did not err in denying Sherman's Motion to Suppress because there was a reasonable basis to initiate the traffic stop and order Sherman out of the vehicle, and probable cause to arrest her for OVUII.

Sherman's contention that there was no reasonable suspicion to justify Officer Tyler Henshaw's (Officer Henshaw) traffic stop is without merit. See State v. Kaleohano, 99 Hawai'i 370, 377, 56 P.3d 138, 145 (2002). Officer Henshaw observed Sherman's vehicle exit her lane, cross the left lane marking without signaling, nearly strike a taxi which had to swerve to avoid Sherman's vehicle, then come back into her lane and travel all the way across to the right lane marking. These specific and articulable facts, see State v. Bohannon, 102

---

[4] On or about the 31st day of March, 2012, in the City and County of Honolulu, State of Hawaii, AMANDA SHERMAN did intentionally, knowingly <u>or</u> recklessly operate <u>or</u> assume actual physical control of a vehicle upon a public way, street, road, <u>or</u> highway while under the influence of alcohol in an amount sufficient to impair her normal mental faculties <u>or</u> ability to care for herself and guard against casualty; and/or did operate or assume actual physical control of a vehicle upon a public way, street, road, <u>or</u> highway with .08 <u>or</u> more grams of alcohol per two hundred ten liters of breath, thereby committing the offense of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Section 291E-61(a)(1) and/or (a)(3) of the <u>Hawaii Revised Statutes</u>.

(Emphasis added.)

3

Hawai'i 228, 237, 74 P.3d 980, 989 (2003), would lead an officer of reasonable caution to believe a traffic stop was warranted.

Next, Sherman contends that because the State only called Officer Henshaw to testify during the suppression hearing, and not Officer Nick Lara (Officer Lara), who apparently ordered Sherman to exit the vehicle at the request of Officer Henshaw, the State failed to adduce any testimony supporting the exit order. Whether Officer Henshaw ordered Sherman out of the car, or asked Officer Lara to order Sherman out of the car, is inconsequential. Officer Henshaw testified that (1) he observed Sherman's erratic driving, (2) when he asked for her license, registration, and insurance, Sherman only produced the latter two, (3) Sherman had "red watery glassy bloodshot eyes[,]" (4) "[t]here was a strong odor of an alcoholic type beverage emanating from the vehicle," (5) he could smell alcohol on Sherman's breath, (6) Sherman had slurred speech, and (7) Sherman had a "blank stare." Officer Henshaw further testified that upon being asked for her license, Sherman grabbed her backpack, opened it and just looked at it, declaring she could not find it. There was sufficient specific and articulable facts, see State v. Kim, 68 Haw. 286, 290, 711 P.2d 1291, 1294 (1985), for Officer Henshaw, either himself or through Officer Lara, to request that Sherman exit the vehicle.

In regard to whether there was probable cause to arrest Sherman for OVUII, Sherman's argument relies on Kaleohano. However, Kaleohano is distinguishable and Sherman's contention is without merit. A probable cause determination is based on the totality of the circumstances. State v. Ferrer, 95 Hawai'i 409, 431, 23 P.3d 744, 766 (App. 2001). Officer Henshaw testified that, besides the results of the Field Sobriety Tests (FSTs), which were not admitted into evidence, based on his experience and after administering the Preliminary Alcohol Screening (PAS), and considering the above mentioned observations, he determined Sherman was impaired and placed her under arrest. Unlike the arresting officer in Kaleohano, Officer Henshaw testified that he was trained to detect impaired drivers through the PAS testing.

See, i.e., State v. Chong, 52 Haw. 226, 232, 473 P.2d 567, 571 (1970) (noting that among the relevant circumstances for the court to consider are the expertise and experience of the arresting officers). While the result of the PAS also was not admitted into evidence, Officer Henshaw knew of the results and, at trial, Officer Felix Gasmen (Officer Gasmen) testified that Sherman blew a .213 during the breath test performed at the police station. See State v. Nakachi, 7 Haw. App. 28, 33 n.7, 742 P.2d 388, 392 n.7 (1987) (noting that when reviewing a motion to suppress, the court considers all of the evidence received at the motion to suppress hearing and at the trial). Unlike in Kaleohano, the smell of alcohol and slurred speech are not equally susceptible to innocent explanation. Therefore, the facts and circumstances within Officer Henshaw's knowledge were sufficient to warrant a person of reasonable caution to believe that an offense had been committed. See State v. Maganis, 109 Hawai'i 84, 86, 123 P.3d 679, 681 (2005).

**4. The Admissibility of the Results of the Breath Test.** The district court did not err in receiving the results of the breath test into evidence.

**a. Advisement of Rights.** Sherman contends that the results of the breath test should have been excluded because the police failed to give warnings consistent with Miranda v. Arizona, 384 U.S. 436 (1966), and in fact told her she did not have a right to an attorney contrary to HRS § 803-9 (2014), prior to reading her the implied consent form and obtaining her consent to perform a breath test. The issues raised by Sherman were considered and rejected by this court in State v. Won, 134 Hawai'i 59, 332 P.3d 661 (App. 2014), *cert. granted*, No. SCWC-12-0000858, 2014 WL 2881259 (June 24, 2014).

**b. Manufacturer Specifications.** We reject Sherman's contentions that the State was required to prove the Intoxilyzer 8000 was operated in accordance with manufacturer specifications and that the State failed to prove compliance with the Hawaii Administrative Rules (HAR).

"Compliance with the manufacturer specifications is not required to admit breath alcohol test results." State v. Hsu, No. CAAP-10-0000214, 2013 WL 1919514, 129 Hawai'i 426, 301 P.3d 1267, at *1 (App. May 9, 2013)(SDO), cert. rejected, No. SCWC-10-0000214, 2013 WL 4459000 (Aug. 20, 2013). Instead, compliance with HAR Title 11, Chapter 114 is required to establish the evidentiary foundation for the admission of breath alcohol test results. Hsu, 2013 WL 1919514, at *1.

Pursuant to HRS § 321-161 (2010), the Department of Health (DOH) is authorized to establish and administer a statewide program for chemical testing of alcohol concentrations for the purpose of HRS chapter 291E. The district court took judicial notice without objection that the DOH approved the Intoxilyzer 8000 as an accepted breath alcohol testing instrument. The Sworn Statement of Intoxilyzer 8000 Operator completed by Officer Gasmen, and his testimony at trial, provides that Officer Gasmen was trained, qualified, and licensed to operate the Intoxilyzer 8000, that he administered the breath test to Sherman in compliance with his training, and he followed the procedures established for conducting the test. The district court took judicial notice that the training Officer Gasmen received was in compliance with HAR § 11-114-10.[5]

Additionally, the two Intoxilyzer 8000 accuracy test supervisor's sworn statements admitted into evidence reflected that the intoxilyzer was operating accurately in compliance with HAR § 11-114-7.[6] The district court took judicial notice, over Sherman's objection, that the internal standards accuracy

---

[5] We reject Sherman's contention that the district court should not have taken judicial notice that Officer Gasmen's training was in compliance with HAR § 11-114-10 and that the internal standards accuracy verification device was approved by the DUI coordinator based on certified letters from the DUI coordinator to the HPD. Both facts satisfy the requirements of Hawaii Rules of Evidence (HRE) Rule 201.

[6] We reject Sherman's contention that the State failed to prove that the accuracy tests were performed pursuant to a written procedure approved by the DUI coordinator. The supervisor's sworn statements provide that "[t]he Intoxilyzer was operating accurately in compliance with the State of Hawaii Department of Health Administrative Rules, Title Eleven, Chapter 114-7, on the date indicated below, when I conducted the accuracy test recorded on this document."

verification device was approved by the DOH as indicated by a certified letter on file with the court. "Chapter 114 expressly permits that an accuracy verification device may be an internal or integral part of a breath alcohol instrument." Hsu, 2013 WL 1919514, at *2.

We also reject Sherman's contention that the DUI coordinator lacked authority to approve the Intoxilyzer 8000 for use as a breath alcohol testing device pursuant to HAR § 11-114-5. HAR § 11-114-5(a) provides that breath alcohol tests must be performed using models the DUI coordinator has approved. If we were to read HAR §§ 11-114-5(b) and (c) as the exclusive approved breath alcohol testing devices, as proffered by Sherman, subsection (a) would be rendered superfluous. See State v. Kaakimaka, 84 Hawai'i 280, 289-90, 933 P.2d 617, 626-27 (1997) (noting the principle of statutory construction that "no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all words of the statute").

**c. Right to Discovery.** Sherman contends that her due process rights were violated when she was denied access to discovery that would assist in identifying or preparing a defense to the result of the breath test.[7] Sherman's contentions are without merit.

While Sherman re-raised these arguments at trial in objecting to admission of the results of the breath test, the district court initially denied the arguments as part of Sherman's pretrial motions to compel and motions in limine. The appellate court reviews a trial court's ruling limiting the scope of discovery, and its ruling on a motion in limine, under the abuse of discretion standard. State v. Fukusaku, 85 Hawai'i 462, 477-78, 946 P.2d 32, 47-48 (1997); State v. Eid, 126 Hawai'i 430, 440, 272 P.3d 1197, 1207 (2012).

---

[7] Sherman contends that pursuant to HRS § 291E-13 (Supp. 2014), the State was required to disclose the breath sample, maintenance logs, and operational checklists. However, we have previously read HRS § 291E-13 to only apply to blood testing. Hsu, 2013 WL 1919514, at *3 n.7.

Sherman was not entitled to disclosure of her breath sample, or the alleged alternative comparable evidence.

We reject that Hawai'i Rules of Penal Procedure Rule 16(b)(1)(iv) required disclosure of the breath sample because, even assuming that a breath sample is a tangible object, the breath test was not in the prosecutor's possession or control.

Similarly, we reject Sherman's reliance on California v. Trombetta, 467 U.S. 479 (1984). Sherman fails to address Trombetta's requirement that the evidence must have an exculpatory value apparent before the evidence was destroyed. Id. at 489. Therefore, Sherman's argument is fatally deficient. See Hsu, 2013 WL 1919514, at *3. Also, we have previously rejected the argument that denial of a motion to compel production of computer online breath archive (COBRA) data was a violation of due process. Id.

Lastly, Sherman's reliance on State ex rel. Marsland v. Ames, 71 Haw. 304, 788 P.2d 1281 (1990), is misplaced.[8] Sherman contends that testimony in other cases reveals the existence of a maintenance log to which she should have access. The State contends that the two supervisor's sworn statements admitted into evidence constitute the "maintenance logs," and those were produced to the defense.

Review of Sherman's motion to compel discovery and the attached testimony reveals that the alleged undisclosed documents are actually materials that the supreme court has held a defendant is not entitled to discover. Id. at 315-317, 788 P.2d at 1287-88.

**5. Alleged Prosecutorial Misconduct.** The trial in this case was a bench trial and it is presumed the district court ignored the State's brief reference to the PAS results not in evidence after Sherman objected and brought the issue to the attention of the court. State v. Antone, 62 Haw. 346, 353, 615 P.2d 101, 107 (1980). Sherman cites no evidence that rebuts the presumption.

---

[8] Despite relying on Ames in parts of her argument, Sherman also asserts a challenge to the continued vitality of Ames. However, Ames is still good law established by the Hawai'i Supreme Court.

Regardless of the results of the PAS, Officer Henshaw's observations and the result of the breath test administered at the police station provide sufficient evidence to convict Sherman of OVUII.  There is not a reasonable possibility that the State's reference to the results of the PAS contributed to the conviction.  See State v. Hauge, 103 Hawai'i 38, 47, 79 P.3d 131, 140 (2003).

Therefore IT IS HEREBY ORDERED that the Judgment entered on September 24, 2012, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:  Honolulu, Hawai'i, May 29, 2015.

On the briefs:

Richard L. Holcomb
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

9